FILED
JANUARY 28, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GUS HOREMIS, | ) | **08 C 603** |
| Plaintiff, | ) | |
| vs. | ) No. | |
| THOMAS BILLICK, COOK COUNTY ASSISTANT STATES ATTORNEY, JAMES KNIBBS, ASSISTANT COOK COUNTY STATES ATTORNEY, UNKNOWN ASSISTANT STATES ATTORNEYS OF COOK COUNTY, DETECTIVE GUILLERMO PEREZ # 497, DETECTIVE ROSENDO DEL REAL # 531, FRANK KAMINSKI, CHIEF OF POLICE Evanston Police Department, OFFICER SAM PETTINEO # 968 Evanston Police Department, OFFICER JAMES ELLIOTT City of Evanston Police Department, | ) ) ) ) ) ) ) ) ) ) ) ) | **JUDGE NORGLE MAGISTRATE JUDGE ASHMAN** |
| Defendants. | ) | |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, GUS HOREMIS, by his attorneys, VINKLER LAW OFFICES, LTD., and complaining against the Defendants, THOMAS BILLICK, COOK COUNTY ASSISTANT STATES ATTORNEY, JAMES KNIBBS, ASSISTANT COOK COUNTY STATES ATTORNEY, UNKNOWN ASSISTANT STATES ATTORNEYS OF COOK COUNTY, DETECTIVE GUILLERMO PEREZ #497, DETECTIVE ROSENDO DEL REAL #531, FRANK KAMINSKI CHIEF OF POLICE, Evanston Police Department, OFFICER SAM PETTINEO #968 Evanston Police Department, OFFICER JAMES ELLIOTT Evanston Police Department, states as follows:

1

## I. INTRODUCTION

1. This action is brought pursuant to the laws of the United States Constitution specifically 42 U.S.C. § 1983 and § 1988, and the Laws of the State of Illinois, to redress deprivations of Civil Rights of the Plaintiff and accomplished by acts and/or omissions of the Defendants committed under code of law.

## II. JURISDICTION

2. Jurisdiction is based on Title 28 U.S.C. § 1331 and § 1343 and supplemental jurisdiction of the State of Illinois.

## III. FACTS

3. The Plaintiff at all relevant times was a United States citizen and permanent resident of the State of Illinois.

4. The Defendants KNIBBS and UNKNOWN STATES ATTORNEYS were at all times employees of the Cook County States Attorneys Office and acting within the scope of their employment and under code of law.

5. The Defendants PEREZ and DEL REAL at all times were employees of Cook County as investigators and at all relevant times acting within their scope of employment and under of code of law.

6. Defendants KAMINSKI, PETTINEO and ELLIOTT were duly appointed police officers of the City of Evanston and at all relevant times were acting within their scope of employment and under the code of law.

7. On or about March 10, 2004 Sayyid M. Qadri was arrested by Plaintiff GUS HOREMIS an Evanston Police Officer for an improper right turn on

red. After the arrest Qadri was found to have an expired license, and because he could not drive his vehicle had to be accompanied to the Evanston Police Station for a ticket and then to be released.

8. Qadri is a life long criminal and his criminal background includes many instances of run-ins with police as well as incarceration.

9. At the Evanston Police Station Officers Michael Yorty and Ken Carter were in the process of completing paperwork. They were in the holding area of Evanston Police Department with three college students call ride-alongs from Loyola University. These students were Kyle Sever, James Vandelogt and Elizabeth Lentter.

10. On March 10, 2004 during attempted booking Qadri became combative and belligerent and put the ride-alongs as well as the officers in danger of physical harm.

11. During the processing Qadri was screaming obscenities at the officers, pushing Officer HOREMIS and Officer Michael Yorty with his body and needed to be restrained for his screaming and violent demeanor.

12. The three ride-alongs and officers describe Qadri as being violent and screaming and due to his volatile state created a dangerous environment for both the officers and the civilians.

13. During attempts to calm down Qadri he attacked Officer HOREMIS and Officer Yorty in a holding area, which included a small stall for a lavoratory. After Qadri had pushed himself against Officer Yorty, Plaintiff GUS HOREMIS pulled Qadri away from Yorty to defend Yorty. In this

3

process Qadri broke piping on the toilet plumbing, and struck his head above the left eye against the wall behind the toilet.

14. The actions of all present in the City of Evanston Police Department are captured on a slow motion photograph device. The photo camera is one frame per second and is not a videotape. Standard videotape is 28-30 frames per second whereas this photo camera activated 1-3 frames per second.

15. Because the photo camera cannot capture events as they occur it is not an accurate description of the event at the City of Evanston Police Department.

16. Qadri was taken by ambulance to the emergency room where he was seen by the emergency room physician. He refused to get into the ambulance and was continually combative with Officers Yorty and HOREMIS and the ambulance personnel. Further he was combative at the emergency room and attempted to leave the emergency room and he had to be restrained by Officer Yorty.

17. After his left eye was sutured Qadri was brought back to the City of Evanston Police Department where he was processed and released.

18. On March 11, 2004 Qadri made accusations of police brutality against Officer GUS HOREMIS and Officer Yorty.

19. An internal investigation was instituted. The majority of the witnesses at the City of Evanston Police Department exonerated GUS HOREMIS of any wrongdoing. For example Commander Barbara Wiedlin assessed

4

what had occurred and found that Officer GUS HOREMIS and Michael Yorty had followed department guidelines and the force they use to subdue a violent subject did not violate any general order or department rules. This conclusion was also that of several other officers as well as Sergeant Ed Biondi of the Evanston Police Department.

20. Despite this internal investigation exonerating Mr. HOREMIS and Mr. Yorty, Chief of Police FRANK KAMINSKI decided to pursue charges against GUS HOREMIS and Michael Yorty. KAMINSKI referred the matter to Cook County States Attorneys Office which began its investigation as of March 29, 2004.

21. The investigation conducted by all the Defendants did not include any type of appropriate interview with the paramedics who could support that Qadri was belligerent and violent, would not cooperate and tried to leave the emergency room.

22. The investigation done by Defendants failed to include interviewing appropriately the emergency room physician. The complaints of Qadri had been that he had been choked by the Defendants. The emergency room physician would be able to confirm that there was no evidence of choking on Qadri whatsoever. Moreover the emergency room physician would have supported the conclusions of the internal investigation of Evanston Commander Wiedlin and Sergeant Biondi that Qadri had been belligerent and violent and non cooperative and the use of restraining force by Officer HOREMIS and Michael Yorty was appropriate.

5

23. The three ride-alongs were present during portions of this event included James Vandelogt. Mr. Vandelogt had obtained a recording of what had occurred by a PDA. This audio recording included yells, threats, and obscenities by Qadri.

24. Detective PEREZ met with James Vandelogt and determined that he in fact did have a recording which would exonerate GUS HOREMIS and Michael Yorty. After James Vandelogt played that recording for Detective PEREZ, he offered to provide his hand held PDA to the States Attorneys Office and the police officers and was refused.

25. The States Attorneys Office and police officers never followed up with this information. Due to a computer crash the copy of the audio recording was lost by James Vandelogt.

26. This recording would have exonerated GUS HOREMIS and Michael Yorty.

27. The Defendants ignored through its investigation the recording by James Vandelogt and failed to investigate the paramedics and emergency room physician. Moreover they relied upon the photo video that was taken at 1-3 frames per second when it was not able to properly show what happened. Thereafter the States Attorney conducted a special Grand Jury whereby Defendant PETTINEO testified that Officer HOREMIS pushed Qadri into a small bathroom area which is untrue and not supported by the video camera. PETTINEO testified that Qadri was pushed and shoved onto a bench which is not supported by the statements of witnesses nor by the video camera. PETTINEO testified his

6

investigation showed Qadri never made any physical assaults towards the Officers which is untrue and contradicted by the witnesses and the video camera. PETTINEO testified Officer HOREMIS prepared a false statement which is untrue and contradicts the witnesses and video camera.

28. The Assistant States Attorneys failed to provide to the Grand Jury any evidence exonerating Officer HOREMIS from the emergency room physician, the paramedics, the three college students or the statements of the other officers who had found that the conduct of Officer HOREMIS was appropriate and met departmental guidelines.

29. After the case went to trial on August 30, 2007 at the close of the States Attorneys' case Judge Joseph Kasmierski ordered a directed verdict finding that there was no evidence to support any of the charges brought against GUS HOREMIS. The States Attorney had brought an unprecedented amount of charges in two separate indictments, the second totaling 38 against GUS HOREMIS.

**COUNT I CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS**

30. Plaintiff realleges paragraph 1 through 29 as his allegations in paragraphs 1 through 29 of Count I as though fully set forth herein.

31. The Defendants starting with FRANK KAMINSKI, Officers PETTINEO and ELLIOTT and the other Defendants reached an agreement among themselves to wrongfully arrest and charge the Plaintiff.

32. The agreements referenced in the preceding paragraph are the policy and practice of the Evanston Police Department and Cook County States Attorneys office, and were tacitly ratified by policy makers for the City of Evanston and the Cook County States Attorneys Office with final policy-making authority.

33. The Defendants' misconduct was further motivated by the strong political climate in Illinois which was against any type of police brutality whatsoever.

34. These actions deprived the Plaintiff of his constitutional rights.

35. The Defendants conspired directly and indirectly for the purpose of depriving the Plaintiff of equal protection of the law.

36. The Defendants conspired to deprive the Plaintiff of exculpatory evidence to which he was lawfully entitled.

37. Each of the Defendants or co-conspirators committed overt acts to further the conspiracy against the Plaintiff.

38. In doing so each Defendant took actions in furtherance of this conspiracy.

39. The Defendants' actions were malicious, willful and wanton.

40. The Defendants' actions violated the Plaintiff's Fourth and Fourteenth Amendment Rights of the United States Constitution and were a violation of those rights as protected by 42 U.S.C. § 1983.

41. As a direct and proximate result of the wrongful conduct of the Defendants the Plaintiff suffered violations of his Constitutional Rights, emotional anxiety, humiliation, fear, monetary loss and pain and suffering.

WHEREFORE the Plaintiff GUS HOREMIS prays for judgment against the Defendants, THOMAS BILLICK, COOK COUNTY ASSISTANT STATES ATTORNEY, JAMES KNIBBS, ASSISTANT COOK COUNTY STATES ATTORNEY, UNKNOWN ASSISTANT STATES ATTORNEYS OF COOK COUNTY, DETECTIVE GUILLERMO PEREZ #497, DETECTIVE ROSENDO DEL REAL #531, FRANK KAMINSKI CHIEF OF POLICE, Evanston Police Department, OFFICER SAM PETTINEO #968 Evanston Police Department, OFFICER JAMES ELLIOTT Evanston Police Department in excess of $100,000.00 compensatory damages and in excess of $50,000.00 punitive damages plus attorneys' fees and costs of this litigation.

## COUNT II STATE LAW CLAIM: MALICIOUS PROSECUTION

42. Plaintiff realleges paragraphs 1 through 29 as his allegations in paragraphs 1 through 29 of Count I as though fully set forth herein.

43. Despite the discrepancies and information they had before them and the exculpatory evidence, the Defendants continued to maliciously prosecute without probable cause the Plaintiff GUS HOREMIS and continued said prosecution without probable cause.

44. The prosecution of GUS HOREMIS was terminated August 29, 2007 with a directed verdict after the close of the state's case.

45. The actions of the Defendants were malicious, intentional, willful and wanton, and with reckless indifference to the rights of others.

46. The misconduct described in this Count was undertaken by the Defendants in the scope of their employment such that the employer City

of Evanston and Cook County States Attorneys Office are liable for their actions.

WHEREFORE the Plaintiff GUS HOREMIS prays for judgment against the Defendants, THOMAS BILLICK, COOK COUNTY ASSISTANT STATES ATTORNEY, JAMES KNIBBS, ASSISTANT COOK COUNTY STATES ATTORNEY, UNKNOWN ASSISTANT STATES ATTORNEYS OF COOK COUNTY, DETECTIVE GUILLERMO PEREZ #497, DETECTIVE ROSENDO DEL REAL #531, FRANK KAMINSKI CHIEF OF POLICE, Evanston Police Department, OFFICER SAM PETTINEO #968 Evanston Police Department, OFFICER JAMES ELLIOTT Evanston Police Department in excess of $100,000.00 compensatory damages and in excess of $50,000.00 punitive damages plus attorneys' fees and costs of this litigation.

## COUNT III STATE LAW CLAIM: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff realleges paragraph 1 through 29 as his allegations of Count I as in paragraphs 1 through 29 of Count III as though fully set forth herein.

48. The actions, of the Defendants prosecutors and officers as set forth above were extreme and outrageous and committed with the intent to cause or were committed in reckless disregard of the probability their conduct would cause severe emotion distress to the Plaintiff.

49. Said acts and conduct of the Defendants directly and proximately caused emotional distress to Plaintiff and thereby constituted intention infliction of emotional distress.

50. The actions of the Defendants were malicious, intentional, willful and wanton and with reckless indifference to the rights of others.

WHEREFORE the Plaintiff GUS HOREMIS prays for judgment against the Defendants, THOMAS BILLICK, COOK COUNTY ASSISTANT STATES ATTORNEY, JAMES KNIBBS, ASSISTANT COOK COUNTY STATES ATTORNEY, UNKNOWN ASSISTANT STATES ATTORNEYS OF COOK COUNTY, DETECTIVE GUILLERMO PEREZ #497, DETECTIVE ROSENDO DEL REAL #531, FRANK KAMINSKI CHIEF OF POLICE, Evanston Police Department, OFFICER SAM PETTINEO #968 Evanston Police Department, OFFICER JAMES ELLIOTT Evanston Police Department in excess of $100,000.00 compensatory damages and in excess of $50,000.00 punitive damages plus attorneys' fees and costs of this litigation.

## COUNT IV STATE LAW CLAIM: <u>CONSPIRACY TO DEPRIVE CONSTITUTIONAL RIGHTS</u>

51. Plaintiff realleges paragraph 1 through 41 of Count I as his paragraphs 1 through 41 of Count IV as though fully set forth herein.

52. As more fully described in the preceding paragraphs the Defendants acting concert with other known and unknown co-conspirators conspired by concerted action to accomplish an unlawful purpose through an unlawful means.

WHEREFORE the Plaintiff GUS HOREMIS prays for judgment against the Defendants, THOMAS BILLICK, COOK COUNTY ASSISTANT STATES ATTORNEY, JAMES KNIBBS, ASSISTANT COOK COUNTY STATES ATTORNEY, UNKNOWN ASSISTANT STATES ATTORNEYS OF COOK COUNTY, DETECTIVE GUILLERMO

PEREZ #497, DETECTIVE ROSENDO DEL REAL #531, FRANK KAMINSKI CHIEF OF POLICE, Evanston Police Department, OFFICER SAM PETTINEO #968 Evanston Police Department, OFFICER JAMES ELLIOTT Evanston Police Department in excess of $100,000.00 compensatory damages and in excess of $50,000.00 punitive damages plus attorneys' fees and costs of this litigation.

## COUNT V STATE LAW CLAIM: INDEMNIFICATION

53. Plaintiff realleges all paragraphs in this Complaint as if fully set forth herein.
54. In Illinois, public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities 735 ILCS 10/9-102.
55. The Defendant officers and employees were employees of the City of Evanston and/or Cook County States Attorney Office and at all times acted within the scope of their employment in committing the misconduct described above.

WHEREFORE the Plaintiff GUS HOREMIS prays for judgment against the Defendants, THOMAS BILLICK, COOK COUNTY ASSISTANT STATES ATTORNEY, JAMES KNIBBS, ASSISTANT COOK COUNTY STATES ATTORNEY, UNKNOWN ASSISTANT STATES ATTORNEYS OF COOK COUNTY, DETECTIVE GUILLERMO PEREZ #497, DETECTIVE ROSENDO DEL REAL #531, FRANK KAMINSKI CHIEF OF POLICE, Evanston Police Department, OFFICER SAM PETTINEO #968 Evanston Police Department, OFFICER JAMES ELLIOTT Evanston Police Department in excess

of $100,000.00 compensatory damages and in excess of $50,000.00 punitive damages plus attorneys' fees and costs of this litigation.

## JURY DEMAND

The Plaintiff GUS HOREMIS requests a trial by jury.

Respectfully submitted,

*/s/ Jerome A. Vinkler*
Jerome A. Vinkler

**VINKLER LAW OFFICES, LTD.**
907 N. Elm Street, Suite 203
Hinsdale, IL 60521
(630) 655-2921
ARDC No.: 6195403